TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
PALWINDER SINGH,
*on his own behalf and on behalf of others similarly situated*

                          Plaintiff,

                          v.

ANMOL FOOD MART INC
    d/b/a Anmol Food Mart Inc
    d/b/a Sunoco;
DIAMOND FOOD MART INC
    d/b/a Diamond Food Mart Inc
    d/b/a Conoco; and
VISHAL KUMAR

                          Defendants.
-------------------------------------------------------------------x

Case No. 22-cv-05475

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff PALWINDER SINGH (hereinafter referred to as Plaintiff or "Palwinder"), by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco (hereinafter referred to as "Anmol Food Mart"); DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco (hereinafter referred to as "Diamond Food Mart"); (collectively with Diamond Food Mart referred to as "Corporate Defendants"); and VISHAL KUMAR (collectively with Corporate Defendants referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1.     PALWINDER SINGH brings this action on behalf of himself and others similarly situated employees against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, of the Wage Theft Prevention Act ("WTPA") and

Minimum Wage Act ("MWA") incorporated in the New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190 *et seq.*, 650 *et seq.*, and the Minimum Wage Order for Miscellaneous Industries and Occupations ("Wage Order"), 12 N.Y.C.R.R. § 142, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2. PALWINDER SINGH alleges pursuant to the FLSA that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages; and/or (4) attorneys' fees and costs.

3. PALWINDER SINGH alleges pursuant to NYLL and the Wage Order that he is entitled to recover from Defendants: (1) Unpaid wages and unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide wage statements with each payment of wages, (6) statutory damages for failure to provide time of hire notice, (7) prejudgment and post judgement interest, (8) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction over the state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

6. Venue is proper in the United States District Court for the Eastern District of New York pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the Eastern District of New York, and because the acts and omissions giving rise to the claims alleged herein took place within the Eastern District of New York.

**PLAINTIFF**

7. PALWINDER SINGH was employed by Defendants on or about July 29, 2021 through on or about August 29, 2021 to work as a gas station attendant at the "Sunoco" Gas Station located at 163-02 Linden Blvd, Jamaica, NY 11434 and the "Conoco" Gas Station located at 2 Hempstead Avenue Hempstead, NY 11550.

**DEFENDANTS**

*Corporate Defendants*

8. ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco was, throughout the period relevant to this lawsuit, and remains, a domestic business corporation with a registered address at 25 8th Street New Rochelle, NY 10801 and a principal place of business address 163-02 Linden Blvd Jamaica NY 11434.

9. ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco was during the period relevant to this lawsuit a business with a gross annual income in excess of $500,000.00 per year.

10. ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

11. DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco was, throughout the period relevant to this lawsuit, and remains, a domestic business corporation with a registered address at 25 8th Street New Rochelle, NY 10801 and a principal place of business address at 2 Hempstead Avenue Hempstead, NY 11550.

12. DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco was during the period relevant to this lawsuit a business with a gross annual income in excess

of $500,000.00 per year.

13. Diamond Food Mart was during the period relevant to this lawsuit a business engaged in interstate or foreign commerce.

*Owner/Operator Defendants*

14. VISHAL KUMAR is the Owner and Liquor License Principal for both Diamond Food Mart and Anmol Food Mart and is the Chief Executive Officer for Diamond Food Mart.

15. VISHAL KUMAR was throughout the period relevant to this lawsuit an active day-to-day manager at Diamond Food Mart and was known to PALWINDER SINGH as the "Boss".

16. VISHAL KUMAR hired PALWINDER SINGH.

17. VISHAL KUMAR paid PALWINDER SINGH.

18. VISHAL KUMAR informed PALWINDER SINGH when he would have to go work at Anmol Food Mart.

19. VISHAL KUMAR throughout the period relevant to this lawsuit had the power to hire and fire employees; determined the schedules and conditions of employment for all the employees, including PALWINDER SINGH ; determined the pay rates for each of the employees who worked, including PALWINDER SINGH ; and kept records for Diamond Food Mart and Anmol Food Mart.

20. VISHAL KUMAR acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Corporate Defendants.

## STATEMENT OF FACTS

*Corporate Defendants Constituted as a Single Integrated Enterprise*

21. Diamond Food Mart and Anmol Food Mart were operated jointly by VISHAL KUMAR, who centralized, controlled and implemented a unified scheme of labor relations.

22. VISHAL KUMAR is the liquor license principal for both Corporate Defendants.

23. Both Corporate Defendants are registered at the same address which was the residence of VISHAL KUMAR.

24. PALWINDER SINGH states that he would be instructed by VISHAL KUMAR to go work at Anmol Food Mart at least once a week due to the workers of that store not showing up for work.

25. The work PALWINDER SINGH provided was essential to both Corporate Defendants.

*Plaintiff PALWINDER SINGH*

26. Defendants did not post the labor law notice posters required by Section 516.4 of Title 29 of the Code of Federal Regulations or Section 142-2.8 of the Wage Order.

27. PALWINDER SINGH was employed by Defendants from on or about July 26, 2021 to August 29, 2021 to work as a Gas Station attendant at one of Defendants gas stations "Conoco".

28. Throughout his employment from July 29, 2021 to August 29, 2021, PALWINDER SINGH regularly worked the morning shift at the gas station that consisted working from 08:00 hours (08:00 AM) through 20:00 hours (08:00 PM) for seven (7) days per week for a total of eighty-four (84) hours per week.

29. PALWINDER SINGH did not have regularly scheduled meal or rest breaks during the working day, and was not wholly relieved from his work at any time during the day to rest or eat. If a customer came while he wasn't working, he would have to stop what he was doing and attend the customer.

30. Defendants did not keep any records of PALWINDER SINGH 's working time.

31. During his employment from July 26, 2021 to August 29, 2021, PALWINDER SINGH was paid a compensation of fourteen dollars ($14) per hour for all hours worked up to forty (40) and then twelve dollars ($12) per hour for all hours worked above forty (40).

32. PALWINDER SINGH would be paid for all the time up to forty (40) hours in check and the remaining hours after forty (40) would be paid in cash.

33. During the period between July 26, 2021 to August 8, 2021, PALWINDER SINGH was paid eight hundred and eighty-eight dollars and ninety-eight cents ($888.98) for all the hours he worked up to forty and should have received one thousand one hundred and four dollars ($1,104.00) in cash for all the hours worked over forty but only received four hundred and thirty-two dollars ($432.00) in cash for all the hours worked past forty.

34. PALWINDER SINGH was never given the remaining amount that he was owed between July 26, 2021 and August 8, 2021 and is therefore owed six hundred and seventy-two dollars ($762.00) in back wages.

35. Additionally, PALWINDER SINGH was not compensated for the hours he worked during his last week of employment from August 23, 2021 to August 29, 2021.

36. Throughout the period of PALWINDER SINGH's employment his base salary amounted to less than the New York wage.

37. The amount that PALWINDER SINGH received for the hours that he worked over forty hours did not amount to the compensation he should have been receiving for all hours over forty that he worked.

38. PALWINDER SINGH 's base and additional compensation that he received did not include an extra hour's pay for each day he worked a spread of time greater than ten (10) hours.

39. Defendants failed to provide PALWINDER SINGH a wage state statement with each payment of wages listing the following: the dates of work covered by that payment of wages; her name; her employer's name, address, and telephone number; her regular and overtime rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; her gross wages; any deductions from her wages; any allowances claimed as part of the minimum wage; and her net wages.

40. Defendants committed the foregoing acts knowingly, intentionally, willfully and maliciously against PALWINDER SINGH, the collective and the class

## COLLECTIVE ACTION ALLEGATIONS

41. PALWINDER SINGH brings this action individually and on behalf of all other current and former non-exempt employees employed by Corporate Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case ("the Collective").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of 29 U.S.C. § 206—Failure to Pay Wages Brought on Behalf of the Plaintiffs and the Collective**

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

43. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

44. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

45. PALWINDER SINGH was not compensated fully for the period between July 26, 2021 and August 8, 2021, and also not compensated for the last week of work her provided to Defendants which went from August 23, 2021 to August 29, 2021.

46. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### Violation of N.Y. Lab. L. § 652 and 12 N.Y.C.R.R. § 142-2.1—Failure to Pay Minimum Wage Brought on behalf of Plaintiffs and the Class

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. Section 652.1, subsection (b) of the NYLL provides that "[e]very employer of eleven or more employees shall pay to each of its employees for each hour worked in the city of New York a wage of not less than: $11.00 per hour on and after December 31, 2016, $13.00 per hour on and after December 31, 2017, [and] $15.00 per hour on and after December 31, 2018."

49. Defendants did not furnish PALWINDER SINGH with a written notice that they

were claiming a tip allowance pursuant to Section 195.1 of the NYLL.

50. PALWINDER SINGH's base hourly salary during his employment did not amount to more than the New York minimum wage.

51. Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

52. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay PALWINDER SINGH at least the minimum wage

## COUNT III.
**Violation of 29 U.S.C. § 207(a)(1)—Failure to Pay Overtime Brought on Behalf of the Plaintiff and Collective**

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

55. Although PALWINDER SINGH was paid a separate compensation for all hours

that he worked over forty the compensation still did not amount to the compensation that he should have been receiving had he been properly compensated.

56. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay PALWINDER SINGH overtime.

## COUNT IV.
**Violation of 12 N.Y.C.R.R. § 142-2.2—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Class**

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

59. Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of… the Fair Labor Standards Act."

60. Although PALWINDER SINGH was paid a separate compensation for all hours that he worked over forty the compensation still did not amount to the compensation that he should have been receiving had he been properly compensated.

61. Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to

be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

62. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay PALWINDER SINGH overtime.

### COUNT V.
**Violation of 12 N.Y.C.R.R. §142-2.4—Failure to Pay Spread of Time Brought on Behalf of the Plaintiff and the Class**

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

65. Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

66. Throughout his employment, PALWINDER SINGH was paid a flat hourly rate that did not include additional pay at the minimum wage rate for each day her spread of time exceeded ten (10) hours.

67. Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to

be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

68. Defendants knowingly, willfully and maliciously disregarded the provisions of the NYLL by failing to pay PALWINDER SINGH spread of time.

## COUNT VI.
**Violation of NYLL § 195.1(a) Failure to Furnish Wage Notice—Brought on behalf of the Plaintiff and the Class**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. Section 195.1(a) of the NYLL provides that "[e]very employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

71. PALWINDER SINGH was not provided a wage notice as provided by Section 195.1(a) of the NYLL within the first 10 business days of his employment or at any time thereafter.

72. Section 198.1-b of the NYLL provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by

subdivision one of section on hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive or declaratory relief, that the court in its discretion deems necessary and appropriate."

73. Defendants knowingly, willfully and maliciously failed to provide PALWINDER SINGH a wage notice as provided by Section 195.1(a) of the NYLL within the first 10 business days of his employment or at any time thereafter.

## COUNT VII.
### Violation of NYLL § 195.3 Failure to Furnish Wage Statements—Brought on Behalf of Plaintiff and Class

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Section 195.3 of the NYLL provides that "[e]very employer shall furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked[;] and the number of overtime hours worked."

76. PALWINDER SINGH was not furnished any wage statement with each payment of wages.

77. Defendants knowingly, willfully and maliciously failed to furnish PALWINDER SINGH wage statements as provided by Section 195.3 of the NYLL with each payment of wages. a

## COUNT VIII.
**Violation of NYLL § 191.1 Failure to Pay Wages Timely—Brought on Behalf of Plaintiff and the Class**

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Section 191.1(a)(i) of the NYLL provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." Section 191.1(d) of the NYLL provides that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

80. At all relevant times, Plaintiff was a manual worker because his job duties consisted of attending to customers; stocking the shelves; and cleaning the store, primarily involved physical exertion, and did not require exercise of discretion or independent judgment.

81. At all relevant times, Plaintiff was paid per hour for the work that he performed, which is less often than once per week/once per half-month.

82. Defendants' failure to pay Plaintiff his wages timely harmed Plaintiff inasmuch as it deprived Plaintiff of both notice as to what was being paid, opportunity to contest underpayment, and actual money owed.

83. As a result of Defendants' failure to pay Plaintiff his wages timely, Plaintiff was deprived of seven hundred and sixty-two dollars ($762.00) and the last weeks payment that he never received.

84. Defendants' failure to pay Plaintiff his wages timely was systemic and pursuant

to a policy that extended to all of Plaintiff's coworkers.

85.   Section 198.1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the Civil Practice Law and Rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

## PRAYER FOR RELIEF

WHEREFORE, Palwinder, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

b)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

c)   An injunction against Corporate Defendants, their owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as

provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

      d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)    An award of unpaid wages, and liquidated damages equal to unpaid wages, due to Plaintiff and any opt-ins under the FLSA;

      f)    An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and the Class under NYLL and the Wage Order;

      g)    An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA

      h)    An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Class under NYLL and the Wage Order;

      i)    An award of unpaid spread-of-time, and liquidated damages equal to unpaid spread-of-time, due to Plaintiff and the Class under the NYLL and the Wage Order;

      j)    An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with a wage notice at time of hire or thereafter;

      k)    An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with accurate wage statements with each payment of wages;

      l)    An award of prejudgment interest at a rate of 9 percent *per annum* pursuant to Section 5004 of the New York Civil Practice Law and Rules;

      m)    An award of reasonable attorneys' fees and costs;

n)      An Order that, to the extent that any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal, no appeal then being pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent, as required by Section 198, Paragraph 4 of the NYLL; and

o)      Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
September 13, 2022

> TROY LAW, PLLC
> *Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*
>
> /s/ John Troy
> John Troy
> Aaron Schweitzer
> Tiffany Troy