# TROY LAW, PLLC
ATTORNEYS/COUNSELORS AT LAW
Tel: (718) 762-1324   johntroy@troypllc.com   Fax (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

August 11, 2023

<u>*Via* ECF</u>
Hon. RAMON E. REYES, JR.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 1217S
Brooklyn, New York 1120

**Re:   Letter Motion Requesting a Pre-motion Conference for Plaintiff's Motion for Conditional Collective Class Certification**
*SINGH et al. v ANMOL FOOD MART INC  et al., 22-cv-05475*

Your Honor,

We represent the Plaintiff and respectfully request a Pre-Motion conference in anticipation of Plaintiffs' intention to move for Certification of this action.

We intend to move for collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all employees of Defendants who have been subject to a common and unified policy of (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages; and/or (4) attorneys' fees and costs under the FLSA and additionally (1) Unpaid wages and unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide wage statements with each payment of wages, (6) statutory damages for failure to provide time of hire notice, (7) prejudgment and post judgement interest, (8) reasonable attorneys' fees and costs, all of which caused Defendants' employees substantial economic harm. We propose that the conference be set to the same day as the initial pre-trial conference which is currently set for August 16, 2023, at 11:30 a.m.

At the conference Plaintiff expects to discuss the following relief:

1. Conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all employees employed by Defendants within the last three years ("Prospective FLSA Collective");

2. Court-facilitated notice of this FLSA action to the Prospective Plaintiffs including a consent form (opt-in) form as authorized by the FLSA;

3. Approval of a FLSA notice of this action and consent form;

4. Production in Excel format of

Hon. RAMON E. REYES, JR.
Eastern District of New York
*SINGH et al. v ANMOL FOOD MART INC et al., 22-cv-05475*
Page **2** of **4**

      a. <u>Column A</u> Unique Numerical Identifier;
      b. <u>Column B</u> First Name;
      c. <u>Column C</u> Last Name;
      d. <u>Column D</u> Sex (Male, Female);
      e. <u>Column E</u> Nickname;
      f. <u>Column F</u> Name in Native Language (if applicable);
      g. <u>Column G and H</u> Last Known Address with apartment number (if applicable);
      h. <u>Column I</u> City and Zip Code;
      i. <u>Column J</u> Last Known Telephone Number;
      j. <u>Column K</u> Last Known Email Address,
      k. <u>Column L</u> Social Media Handles--WhatsApp Username, WeChat ID and/or FaceBook usernames (if applicable), and
      l. <u>Column M</u> Work location, if there are more than one location,
      m. <u>Column N</u> Start Date;
      n. <u>Column O</u> End Date;
      o. <u>Column P</u> position of all **current and former non-exempt and non-managerial employees** employed at any time from three years from the filing of the Complaint to the present by Defendants; and

5. Posting of the Notice, along with the consent forms, in the businesses operated by Defendants where Prospective Plaintiffs are employed during regular business hours.

**I.     Background**

This action began with Plaintiff's Complaint, filed on September 13, 2022. The Complaint is filed on behalf of the named Plaintiff and the prospective plaintiffs against ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco; and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc ; d/b/a Conoco. The Individual Defendant VISHAL KUMAR is an owner, director, shareholder, and/or officer of ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco; and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc ; d/b/a Conoco.

Plaintiff PALWINDER SINGH was employed as a gas Station attendant from July 29, 2021 to August 29, 2021. Plaintiff PALWINDER SINGH claimed that he worked approximately eighty-four (84) hours on average each week from July 29, 2021 to August 29, 2021; and he was paid Twelve Dollars ($12.00) per hour from July 29, 2021 to August 29, 2021.

Defendants did not record Plaintiff PALWINDER SINGH's hours worked and did not calculate Plaintiff PALWINDER SINGH's overtime or minimum wages according to the FLSA and NYLL. Plaintiff PALWINDER SINGH alleges that Defendants willfully, regularly, and repeatedly denied him "spread of hours" pay for each work day that lasted over ten (10) hours. In addition, Defendants did not provide Plaintiff PALWINDER SINGH with written notice, in his primary language or otherwise, about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his first day of employment.

Upon information and belief, Defendants is liable to Plaintiff and other Prospective Plaintiffs for (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages; and/or (4) attorneys' fees and costs under the FLSA and additionally (1) Unpaid wages and unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide wage statements with each payment of wages, (6) statutory damages for failure to provide time of hire notice, (7) prejudgment and post judgement interest, (8) reasonable attorneys' fees and costs. All of this was done in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL).

## II. Argument

At this early stage before discovery was commenced, collective certification and the approval of early notice is appropriate as it will protect Protective Plaintiffs' rights and interests and promote judicial economy. Notice is appropriate because at this stage, all facts known point to the conclusion that Plaintiffs and the Potential Plaintiffs are similarly situated as they all worked as employees for the Defendants that were subjected to Defendants policy that violated the law. See *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633. (S.D.N.Y. 2007)

### A. Early Notice to Similarly Situated Plaintiffs is Appropriate and Necessary

The FLSA anticipates the need for collective actions by similarly situated employees for an employer's violations of the provisions requiring the payment of at least an hourly minimum wage for all hours worked and/or of overtime compensation at least one-and-one-half times the regular rate. 29 U.S.C. § 216(b). Collective actions are favored under the law since it enables judicial efficiency and lowers the litigation expenses. See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

### B. The Standard for Conditional Certification and Notice is Lenient

In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers v. Hertz Corp*, 624 F.3d at 554-55 (2d. Cir. 2010). First, at the "notice stage," the plaintiffs must establish that other employees "may be similarly situated" to them. *Id.* at 555 (internal quotation marks omitted). "Nothing more is needed at this stage of the litigation." *Shajan v. Sammy's Fish*

Hon. RAMON E. REYES, JR.
Eastern District of New York
*SINGH et al. v ANMOL FOOD MART INC et al.*, 22-cv-05475
Page **4** of **4**

*box, Inc.*, 2010 WL 2218095, at *1 (S.D.N.Y. Apr. 24 2006). During the second stage, the District Court has a fuller record, and will "…determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. Where the court determines that the plaintiffs are not similarly situated, "the action may be "de-certified," … and the opt-in plaintiffs' claims may be dismissed without prejudice."

To prevail on a motion for conditional certification, plaintiffs need to make a "modest factual showing" that they are "similarly situated with respect to their allegations that the law has been violated." *Hallissey v. Amer. Online, Inc.* 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008). This may be done through Plaintiffs' affidavit based on their best knowledge. See *Zhao v. Benihana, Inc.*, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001). Here, Plaintiff Zhao has every intention of submitting his declarations in support of their motion to certify a class.

### C. Discovery of Class Information is Proper and Necessary Under § 216 (b)

In collective actions, it is appropriate for a court to order the discovery of class information of potential collective members. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323-24 (S.D.N.Y. 2007). Further, within the Second District, courts "routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who wish to 'opt-in' to a collective action." *Anglada v. Linens n' Things, Inc.*, 2007 U.S. Dist. LEXIS 39105, at *22.

### D. Posting Would Be a Minimal Burden and Ensure the Best Notice Practicable

Posting notices of conditional certification at Defendants' of business is appropriate. "Courts routinely approve requests to post notice of conditional certification on employee bulletin boards and in other common areas even where potential members will also be notified by mail." *Hamadou v. Hess Corp.*, 951 F. Supp.2d 651, 669 (S.D.N.Y. 2013). Due to the potential unreliability of mail notice, providing notice by posting to employees improves the chances that prospective class members will view the notice.

### III. Conclusion

Plaintiff respectfully requests a pre-motion conference to discuss the above relief to be set to be set for August 16, 2023, at 11:30 a.m.

                                                                       Respectfully Submitted

                                                                      */s/ John Troy*
                                                                      John Troy
                                                                      *Attorney for Plaintiff*

/pk