**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
PALWINDER SINGH
*on his own behalf and on behalf of others similarly*
*situated*

Plaintiff,
v.

ANMOL FOOD MART INC
 d/b/a Anmol Food Mart Inc
 d/b/a Sunoco;
DIAMOND FOOD MART INC
 d/b/a Diamond Food Mart Inc
 d/b/a Conoco; and
VISHAL KUMAR

Defendants.
--------------------------------------------------------X

Case No. 22-cv-05475

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

**(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**
**(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND**
**(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

---

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel: (718) 762-1324

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

   I.    CONDITIONAL CERTIFICATION IS APPROPRIATE................................................ 2

      A.    The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice..... 2

      B.    The Two Phase Certification Process for FLSA Collective Actions. .............................. 3

      C.    Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective ................................................................................................................. 5

      D.    The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ....................................................................................................................... 7

      E.    Expedited Notice and Disclosure of Contact Information Is Necessary........................... 11

      F.    The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form ............................................................................................................................... 13

      G.    Court-Authorized Reminder Notice is Routinely Authorized by Court in this District. 21

      H.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiff .... 23

  II.    PRECERTIFICATION DISCOVERY OF PUTATIVE COLLECTIVE AND CLASS INFORMATION IS PERMISSIBLE AND NECESSARY ....................................................... 24

CONCLUSION ................................................................................................................. 25

## **TABLE OF AUTHORITIES**

### CASES

*Amador v. Morgan Stanley & Co. LLC*, No. 11cv4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ............................................................................................................................. 3, 19

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) ............................ 5

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 491 (S.D.N.Y. 2016)........................ 24

*Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019 (S.D.N.Y. June 15, 2015) ................................................................................................................................... 2

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) .......................................................................................................................... 6

*Bittencourt v. Ferrara Bakery & Café, Inc.,* 310 F.R.D. 106 (S.D.N.Y. 2015) ............................ 19

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) ...................................... 6

*Brock v. Superior Care, Inc.,* 840 F .2d 1054 (2d Cir.1988)........................................................ 20

*Capsolas v. Pasta Resources, Inc.*, 10-cv-5595, 2011 WL 1770827 (S.D.N.Y. May 9, 2011) ......... 9

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018)................................................................................................... 18, 21, 23

*Chen v. Asian Terrace Rest.*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417 (E.D.N.Y. July 17, 2020)...................................................................................... 14, 15, 17, 20

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sep. 19, 2013) ........ 22, 23

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. 2007) .. 6

*Chui v. Am. Yuexianggui of LI LLC*, No. 18- cv-5091 (SJF) (AKT), 2020 U.S. Dist. LEXIS 117296 (E.D.N.Y. July 2, 2020) ......................................................................................... 23

*Colon v. Major Perry Street Corp.*, No. 12-CV-3788, 2013 WL 3328223 (S.D.N.Y. 2013) .......... 23

*Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730 (S.D.N.Y. Nov. 12, 2015)............ 19

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ..................................................................................................................................... 5

*Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117 (E.D.N.Y. 2015) ............................................................................................................................................ 23

*Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261037 (E.D.N.Y. Dec. 1, 2010) ...................................................................................... 19

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ................................ 19

*Gao v. Umi Sushi Inc. et al.*, No. 18cv06439 (ALC)(SN) (S.D.N.Y. Mar. 21, 2019)..................... 18

*Gen Zhang v. 28 St. Izumi Japanese Restaurant LLC d/b/a Izumi et al.*, 654958/20219 (New York Supreme Court, New York County June 28, 2021) ......................................................... passim

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *1 (S.D.N.Y. Feb. 5, 2019) ............................................................................ 14, 17, 21

*Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2012 U.S. Dist. LEXIS 16443, 2012 WL 432885, at *2-3 (W.D.N.Y. Feb. 9, 2012) ...................................................................................... 24

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008)........... 5

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ........................................ 22

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988) ...................................... 7

*Hernandez v. Bare Burger Dio Inc.*, 12-cv-7794, 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ..... 4

*Hernandez v. Immortal Rise, Inc.*, 11-cv-4360, 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012) ....... 6

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) ......................................................... 3, 11

*Huer Huang v. Shanghai City Corp.*, 2020 WL 5849099, at *16 (S.D.N.Y. Oct. 1, 2020) ............. 13

*Hwangbo v. Kimganae, Inc.*, No. 19-CV-6356-DLI-SJB, 2021 U.S. Dist. LEXIS 103993 (E.D.N.Y. June 1, 2021) ......................................................................................................................... 21

*Iglesias-Mendoza v. La Belle Farm Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) .................................... 20

*In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688 (S.D.N.Y. Jan. 11 2010)......... 19

*In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143 RS, 2016 U.S. Dist. LEXIS 175515 (N.D. Cal. Dec. 19, 2016) ............................................................................................. 15

In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ................................................................................................................................. 12

*Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015).... 17, 21

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429 (S.D.N.Y. 1995)..................................................... 4

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003).......................................................................................................... 7

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *12-13 (S.D.N.Y. July 25, 2019.................................................................................................................................... 11, 13

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) .............................................................................................. 13, 21

*Ke v. JR Sushi 2, Inc. et al.*, No 19-cv-7332(PAE)(BCM) (S.D.N.Y. Jan. 15, 2021) ....... 6, 11, 16, 18

*Khamsiri v. George & Frank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)............................................................................................................. 6

*Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL) (E.D.N.Y. July 1, 2019).................................................................................................................... 6, 12, 17, 21

*Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644 (S.D.N.Y. 2017) ................................... 23

*Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492 (AJN), 2017 U.S. Dist. LEXIS 213961 (S.D.N.Y. May 22, 2017)............................................................................................................................ 14

*Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010).................................................... 16

*Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 2019 WL 4493429 ............................................... 10

*Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489 (S.D.N.Y. Nov. 3, 2014)............................................................................................. 17

*Martin v. Sprint/United Mgmt. Co.*, No. 15cv5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ................................................................................................................................................ 12

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) .................................... 23

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007)................................... 4

*Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346 (ENV) (RER), 2020 U.S. Dist. LEXIS 79950 (E.D.N.Y. May 6, 2020) ................................................................................................ 14

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011) .................................................... 4

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 (S.D.N.Y. 2006) .............. 3

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ................................................................... 3, 5

*Perez Perez v. Escobar Construction, et al.*, No. 20-cv-08010(LTS)(GWG) (S.D.N.Y. May 20, 2020) .......................................................................................................................................... 22

*Pippins v. KPMG LLP*, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012) ............................... 14

iii

*Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020)..........................................11

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) .........................................................................................................................5, 6

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar 10, 2016) ......................................................................................................................................12

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ...................................................................................................................................6

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014)....................................................3

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) .........4

*Shanggang Feng v. Kelai Jef Corp,, No.* 18 Civ. 12329 (GBD), 2019 BL 465018 (S.D.N.Y. Nov. 26, 2019) ..........................................................................................................................18

*Shangming Lu et al v. Diamond Nail Salon, LLC et* al, D.C.T. 19-cv-02017(VAB) (June 18, 2021) ...................................................................................................................................22

*Shuzhen Cao v. 155 S.G.S. Corp*, No. 18cv10338 (ALC)(KNF) (S.D.N.Y. Nov. 04, 2019) ........13

*Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ................................................25

*Thompson v. Global Contact Servs., LLC*, No. 20-cv-00651 (MKB) (SJB), 2021 U.S. Dist. LEXIS 57589, at *2 (E.D.N.Y. Feb. 16, 2021) ..........................................................................25

*Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 486 (S.D. Tex. 2020)............................15

*Ting Qui Qui v.Shanghai Cuisine Inc.*, 2019 WL 6002371, at *4 (S.D.N.Y. Nov. 14, 2019) .........11

*Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007)..........................................................................................................7

*Uraga v. Amici 519 LLC*, 2018 WL 3579850, at *3 (S.D.N.Y. July 25, 2018) ..............................10

*Varghese v. JP Morgan Chase & Co.*, 2016 U.S. Dist. LEXIS 122428. (S.D.N.Y. Sep. 8, 2016)..17

*Warren v. Garvin*, 219 F.3d 111 (2d Cir. 2000)..............................................................................23

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ..........................................2, 3

*Yuan v. & Hair Lounge et al.*, 18cv11905 (AT)(BCM) (S.D.N.Y. Nov. 7, 2019)...........................19

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404 (E.D.N.Y. Feb. 26, 2016) ...................................................................................................................................6

*Zamora v. L Plus L Productions LLC*, 19-cv-1506, 2019 WL 5460559 ........................................11

*Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014 WL 2111693 (S.D.N.Y. May 12, 2014)..........................................................................................19

## STATUTES

29 U.S.C. § 207(a)(1) ....................................................................................................................2

29 U.S.C. § 255(a) .......................................................................................................................20

## RULES

Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008) ................................................22

*Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265 (S.D.N.Y. 2012)..........................................22

Ross, Martha, et al. "Describing Low Wage Workers." *Meet the Low-Wage Workforce.* Brookings Institute, at *10 (Nov. 2019) ..................................................................................................16

**PRELIMINARY STATEMENT**

Plaintiff PALWINDER SINGH has alleged wage violations perpetrated against over a period of many years at ANMOL FOOD MART INC d/b/a Anmol food Mart Inc d/b/a Sunoco and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco; and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco.  Plaintiff further alleges that it is Defendants' widespread common policy of failing to pay their employees overtime wages of at least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty hours in a single workweek. Specifically, irrespective of the hours Plaintiff and his coworkers worked, they were each paid an hourly rate of $14 or $15 for forty (40) hours and a rate of $12-13 for the remaining forty four (44) hours. Accordingly, Plaintiff exceeds the low burden for Conditional Certification of all non-managerial employees.

**BACKGROUND**

On September 13, 2022, Plaintiff filed the Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1] (Ex 01.) On September 02, 2023 individual Defendant Vikas Kumar filed his answer pro se and on February 10, 2023 the Corporate Defendants filed their answer to the Complaint, denying the most of allegations in the Complaint. D.E. [17]. Owner/Operator Defendants VISHAL KUMAR owned and was the Liquor License Principal for both DIAMOND FOOD AMRT INC d/b/a Diamond Food Mart Inc d/b/a Conoco and ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco and is the chief executive officer for DIAMOND FOOD AMRT INC d/b/a Diamond Food Mart Inc d/b/a Conoco; and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco.  D.E. [1] ¶ 14. VISHAL KUMAR hired and paid PALWINDER SINGH. Further VISHAL KUMAR would inform PALWINDER SINGH when he would have to go work at Anmol Food Mart.

As alleged in the Complaint and stated in PALWINDER SINGH's affidavit, Plaintiff PALWINDER SINGH worked at the gas station owned and operated by the Defendants between 08:00 am through 08:00 pm. *See Singh Aff ¶* 4. Plaintiff PALWINDER SINGH worked for Defendants as a gas station attendant. *See Id. ¶* 3. From July 26, 2021 to August 29, 2021, Plaintiff PALWINDER SINGH was paid a compensation of fourteen dollars ($14) per hour for all hours worked up to forty (40) and then twelve dollars ($12) per hour for all hours worked above forty (40). *See Id. ¶* 7. He was paid for all the time up to forty (40) hours in check and the remaining hours after forty (40) would be paid in cash. Thus, he was paid 40 hours in check and 44 hours in cash for his eighty four (84) hours of work. *See Id. ¶* 8. Plaintiff PALWINDER SINGH did not have regularly scheduled meals or rest breaks during the working day and was not wholly relieved from his work at any time during the day to rest or eat. *See Id. ¶* 5. If a customer came while he wasn't working, he would have to stop what he was doing and attend the customer. *See Id. ¶* 6. Further, Defendants did not keep any records of Plaintiff PALWINDER SINGH'S working time.

<u>**ARGUMENT**</u>

I.    **CONDITIONAL CERTIFICATION IS APPROPRIATE**

    **A. The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice**

Pursuant to the FLSA, an employee is entitled to be paid for overtime hours (*i.e.*, any hours exceeding forty (40) hours per week), at a "rate not less than one and one-half times (1.5) the regular rate at which [the employee] is employed." *Id.*, § 207(a)(1); *see also, e.g.*, *Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019, at *2 (S.D.N.Y. June 15, 2015) (quoting Section 207(a)(1)). "The statute of limitations under the FLSA is ordinarily two years, but it may be extended to three years if the claim arises from a 'willful' violation." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (citing 29 U.S.C. § 255(a)). To satisfy

the willfulness requirement, a plaintiff must demonstrate that the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).)

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

### B. The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same). In light of the two-step process, "[t]he burden imposed at [the] first conditional certification stage is minimal." *Amador v. Morgan Stanley & Co. LLC*, No. 11cv4326 (RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed further below, the burden at this stage is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' *see* 2006 WL 278154 at *2 (S.D.N.Y. 2006) ("The first stage,

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2). Courts in this Circuit have routinely found that such a modest factual showing can be established "based solely on the personal observations of one plaintiff's affidavit," *see Hernandez v. Bare Burger Dio Inc*., 12-cv-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (granting conditional collective action certification of all tipped employees at a single Bareburger location based on one employee's declaration), and have held that hearsay may be relied upon to support conditional certification, *see Moore v. Eagle Sanitation, Inc*., 276 F.R.D. 54, 59 (E.D.N.Y. 2011).

Importantly, it is indisputable that the underlying merits of Plaintiff's claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Fonseca*, 2014 WL 1487279, at *3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971,

at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). At this stage, plaintiffs are not required to provide "the times and dates" of the conversations, so long as a court "'can fairly infer' that other [employees] 'labored under similar working conditions and thus suffered the same violations of the FLSA." *Racey v. Jay-Jay Cabaret, Inc.*, 2016 WL 3020933, at *4 (quoting Guzman v. Three Amigos SJL Inc., 117 F. Supp. 3d 516, 525 (S.D.N.Y. 2015)).

### C. Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location.

*See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at \*5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at \*3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Ke v. JR Sushi 2, Inc. et al.*, No 19-cv-7332(PAE)(BCM) (S.D.N.Y. Jan. 15, 2021) at \*31 (based on the affidavit of one Plaintiff, certifying a class of all non-managerial and non-exempt employees employed at both restaurant, including one that Plaintiff did not herself worked at); *Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL), at \*6 (E.D.N.Y. July 1, 2019) (based on the affidavit of one Plaintiff, certifying a class of "all current and former non-exempt, non-managerial employees who worked for the defendants" for three years from the filing of the complaint "to the present day."); *Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at \*4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Frank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit). Indeed, no case has "ever explicitly required plaintiffs to identify similarly situated employees by name to obtain conditional certification." *Hernandez v. Immortal Rise, Inc*., 11-cv-4360, 2012 WL 4369746, at \*4 (E.D.N.Y. Sept. 24, 2012).

Here, Plaintiff can make a substantial showing that his experience was not unique; rather the manner in which he was compensated was and remains standard operating procedure with

6

regard to other similarly situated employees employed by the Defendants. During his employment

with Defendants, PALWINDER SINGH had befriended some of his coworkers at the gas station

and would talk to some of them regarding their pay. PALWINDER SINGH personally observed

the coworkers' schedule (also twelve (12) hours for seven (7) days a week) and pay ($14-15 for

the first forty (40) hours, and $12 for hours in excess of forty (40) hours, for forty four (44) hours,

paid at the straight rate). At all relevant times, Defendants had a policy and practice of refusing to

pay all employes overtime at the 1.5 rate for work performed in excess of forty (40) hours in a

workweek. *See Singh Aff. ¶* 15.

### D. The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to

each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding

that the plaintiffs do not have to perform the same job in the same location as long as there is a

discriminatory policy common to all). Moreover, it does not matter that Prospective Collective

Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*,

No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and

back-up managers). Nor does the fact that they were employed at different times affect the

determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-

cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting

that defendants "had an express policy of forcing garage attendants on the night shift…to work

more than forty hours per week and refusing to pay them for the additional time" was sufficient

to meet the burden of "making a modest factual showing sufficient to demonstrate that

[Plaintiffs] and [other employees] together were victims of a common policy or plan that violated

the law," regardless of the fact that dates of employment and hours worked were "unique to each

employee.") (citing *Hoffman* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

All non-managerial employees of Defendants are victims of Defendants' widespread common scheme to not pay their employees overtime payment. *See* Singh Aff. ¶ 15. During the period of Plaintiff's employment, at any one time there were three (3) employees working at both locations, i.e., "Conoco" Gas Station located at 2 Hempstead Avenue Hempstead, NY 11550 and "Sunoco" Gas Station located at 163-02 Linden Blvd, Jamaica, NY 11434. Therefore, totally there were six (6) employees working at both the locations at any one time. There is a plethora of workers (all cashiers) (TONY SINGH, BABI SINGH, LUCKY SINGH, JASSI SINGH AND AMANDEEP SINGH) known to work similarly long hours in excess of forty (40) hours a week. TONY SINGH, BABI SINGH, LUCKY SINGH, JASSI SINGH AND AMANDEEP SINGH, all worked eighty-four (84) hours a week and were paid in check for the first forty (40) hours and for the hours excess of forty (40) hours, i.e., 44 hours, would be paid in cash at the rate of twelve dollars ($12) per hour. Defendants failed to pay Plaintiffs with overtime wages of at least one and one-half (1.5x) times the regular pay rate at which the hours they worked in excess of forty hours in a single workweek. *See Singh Aff.* ¶¶18, 23, 28, 34 & 40. Moreover, TONY SINGH BABI SINGH and AMANDEEP SINGH were paid fourteen dollars ($14) for first forty (40) hours and after first forty (40) hours, get paid at the rate of twelve dollars ($12) an hour, regardless of actual hours that they worked, which exceeded forty (40) hours in a workweek. *See Id.* ¶¶ 19, 24 & 40. LUCKY SINGH gets paid fourteen dollars to fifteen dollars ($14-$15) per hour for first forty (40) hours and after first forty (40) hours, get paid at the rate of twelve dollars ($12) an hour and JASSI SINGH gets paid twelve dollars to thirteen dollars ($12 - $13) in cash and fourteen dollars to fifteen dollars ($14 -$15) in check. *See Id.* ¶¶ 29 & 34.

Plaintiff PALWINDER SINGH learned about each employee's pay through various

circumstances when he spoke to them sometime around August, 2021. He learned about the pay for employee TONY SINGH when he would speak to TONY SINGH when they changed shifts and during that time they talked about their pay at "Conoco" Gas Station located at 2 Hempstead Avenue Hempstead, NY 11550, employee BABI SINGH because he spoke to other coworkers such as TONY SINGH who also worked at "Conoco" Gas Station located at 2 Hempstead Avenue Hempstead, NY 11550 and he told him, employee LUCKY SINGH when he would speak to him when they worked together. LUCKY SINGH worked at "Sunoco" Gas Station located at 163-02 Linden Blvd, Jamaica, NY 11434, employee JASSI SINGH because he told the Plaintiff, when JASSI SINGH worked at "Sunoco" Gas Station located at 163-02 Linden Blvd, Jamaica, NY 11434 and employee AMANDEEP SINGH because Plaintiff would talk to JASSI SINGH and he told the Plaintiff. AMANDEEP SINGH worked at Valero Gas Station that was also owned by the Defendant. *See Singh Aff. ¶¶*20- 41.Accordingly, Plaintiff PALWINDER SINGH plausibly alleges that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. *See Singh Aff*. ¶ 15 and exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

In cases involving employees at multiple business locations, a uniform policy can be inferred where supervision and ownership are common and illegal practices are adequately alleged at some of the locations. *See Capsolas v. Pasta Resources, Inc*., 10-cv-5595, 2011 WL 1770827, at *3 (S.D.N.Y. May 9, 2011) (determining that where plaintiffs identified an unlawful policy in only five of eight defendant restaurants, the "facts support[ed] a reasonable inference that there was a uniform policy across the eight restaurants, all of which share common ownership, are supervised by the same individuals, and are administered by the same company"); Karic v. Major Auto. Cos., 799 F. Supp. 2d 219, 226-27 (E.D.N.Y. 2011) (conditionally certifying a collective where plaintiffs worked at only six of nine defendant car dealerships). Here, Plaintiff PALWINDER SINGH and AMANDEEP

SINGH worked across different locations. The Defendant shared employees between locations. AMANDEEP SINGH worked at Valero, which was also owned by the Defendants. AMANDEEP SINGH was also similarly situated in terms of pay and work schedule like the Plaintiff. *See Id.* ¶¶ 38-40. There was a frequent practice of restocking supplies from the other location when one location ran out of supplies. Moreover, even in situations when certain supplies were not delivered at one location but were delivered at the other location, employees would go to the other location to restock the supplies missing from their location. Plaintiff PALWINDER SINGH would go between Conoco and Sunoco about one to two (1-2) times per week to restock supplies missing at his location. Further, Plaintiff's affidavit sufficiently supports an inference of a uniform policy because supervision and ownership are common and sufficiently allege common and illegal practices at one of the locations. *See Id.* ¶ 14. "When assessing whether distinct, but closely affiliated entities should be treated as a single employer for FLSA purposes, district courts in this circuit have applied the 'single integrated enterprise' test, which considers (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Uraga v. Amici 519 LLC*, 2018 WL 3579850, at *3 (S.D.N.Y. July 25, 2018) (quoting *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014)) (internal quotations omitted). Plaintiff only needs a "modest showing" that defendants' restaurants "share common ownership" and "treat employees, equipment, and supplies interchangeably." *Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 2019 WL 4493429, at *14 (S.D.N.Y. Sept. 9, 2019) (collecting cases); *accord Cuaya*, 2020 WL 5494371, at *8.

Here, Plaintiff has made the required "modest factual showing" to extend the collective to employees across Defendants' locations. *See Ke*, No 19-cv-7332(PAE)(BCM) at *16 (extending collective to both of Defendants' location with a finding that the two stores are closely affiliated and thus a single employer under the FLSA).

10

**E.  Expedited Notice and Disclosure of Contact Information Is Necessary**

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action"). Accordingly, Plaintiff respecfully requests that Defendants furnish Plaintiff with a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, law known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or Facebook usernames, work location, dates of employment, and position") for all non-managerial employees who worked for Defendants from September 13, 2019 to the the present day within **14 days of the entry of the order**. Courts in this Circuit routinely require Defendants to furnish prospective plaintiff information within 7 or 14 days. *See* e.g. *Ke*, No 19-cv-7332(PAE)(BCM) at *20 (granting request for social media information); *Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (same); *Ting Qui Qui v.Shanghai Cuisine Inc.*, 2019 WL 6002371, at *4 (S.D.N.Y. Nov. 14, 2019) (same); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 WL 3759126, at *12-13 (S.D.N.Y. July 25, 2019) (same), *Gen Zhang v. 28 St. Izumi Japanese Restaurant LLC d/b/a Izumi et al.*, 654958/20219, at *5 (New York Supreme Court, New York County June 28, 2021) (granting request for production of "an Excel spreadsheet containing first and last name, last known address with apartment number (if applicable), last known email-addresses, WhatsApp, WeChat ID and/or FaceBook usernames (if applicable), and work location, dates of employment and positions of ALL current and former non-exempt and non-managerial employees"); *see also Zamora v. L Plus L Productions LLC*, 19-cv-1506, 2019 WL 5460559, at *6 (S.D.N.Y. Oct. 15, 2019) (14 days); *Ritz v. Mike Rory Corp.*, 959 F. Supp.

2d 276, 278 (E.D.N.Y. 2013) (7 days)  Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (directing Defendants to provide Plaintiffs to provide a list with "names, last known addresses, telephone numbers, emails, WhatsApp, weChat ID and/or Facebook usernames, and dates of employments for all current and former non-exempt, non-managerial employees for the relevant period within 14 days of entry of [the] Order"); *Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016); see also In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (noting that "courts often order the production of such information at the notice stage").

Until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather ***courts have endorsed the sending of notice early in the proceeding***, as a means of facilitating the FLSA's broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiff's primary languages is not English.

12

### F. The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

**1. Plaintiff proposes that the Notice of Pendency be disseminated in any relevant language, via mail, email, text message or social media chat**

Plaintiff proposes a Notice of Pendency and Consent Form advising all potential opt-in Plaintiffs of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, and/or text message, or social media chat, to all potential members of the collective. *Qiang Lu*, 447 F. Supp. 3d at 97 (permitting notice to be "disseminated in any relevant language via mail, email, text, or social media platform"); *Huer Huang v. Shanghai City Corp.*, 2020 WL 5849099, at *16 (S.D.N.Y. Oct. 1, 2020) (permitting notice on social media because "[s]ocial media is now used to convey all kinds of important messages to the populace and has become an important means of receiving information") (collecting cases); *Shuzhen Cao v. 155 S.G.S. Corp*, No. 18cv10338 (ALC)(KNF) (S.D.N.Y. Nov. 04, 2019)  (permitting notice to be "disseminated in any relevant language, via mail and email to all members of the collective" and permitting dissemination "via text message, or social media messages or chats, to all members of the collective"); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *38-39 (S.D.N.Y. July 25, 2019) (permitting notice of pendency to be disseminated "in any relevant language, via mail, email, text message, and/or  social media chat, to all potential members of the collective" while ordering that "Defendants shall post a copy of the notice, in all relevant languages, at each restaurant location, in a conspicuous and unobstructed location or locations likely to be seen by all currently employed members of the collective, and the notice shall remain so posted throughout the opt-in period"); *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist.

LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) (finding that Plaintiffs' counsel may  "arrange to have [modified notice] disseminated , in any relevant language, via mail, email, and/or text message, to all potential members of the collective"). These "proposed forms of direct communication with Plaintiffs—including by mail, e-mail, text message, and direct social media channels such as WhatsApp and WeChat—are reasonable and minimally invasive." *See Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 . Further, "the current public health crisis likewise favors more options" than first-class mail. *See id.*

## 2. Authorizing the Proposed Text Notice and Email Notice are Within the Norms of this Court and Collective Actions

In conjunction with the Publication of the proposed Notice of Pendency and Consent Form, Plaintiff's request to send out a proposed notice directly to potential class members through Email and Text message using the information provided by Defendant's name list. The purpose of the FSLA Notice is to inform as many potential class members as possible *See Millin v. Brooklyn Born Chocolate, LLC*, No. 19-CV-3346 (ENV) (RER), 2020 U.S. Dist. LEXIS 79950, at *8 (E.D.N.Y. May 6, 2020) ("There is no credible reason why notice should not be provided by email or text message, especially given the broad remedial purpose of the FLSA"). Modern communication should be used to expand upon the potential class given "the reality of communications today" as it not intrusive and likely to reach potential Plaintiffs who have moved from the address on file or do not regularly check their mail." *Pippins v. KPMG LLP*, 2012 U.S. Dist. LEXIS 949, at *41 (S.D.N.Y. Jan. 3, 2012). This broad purpose can be reached more effectively by text and email in the limited opt-in time period. *Kucher v. Domino's Pizza, Inc.*, No. 16-cv-2492 (AJN), 2017 U.S. Dist. LEXIS 213961, at *22-23 (S.D.N.Y. May 22, 2017) (finding Plaintiffs did not have to show special circumstances for electronic notification of potential class members due to the short time frame to work in).

**3. Authorization for Usage of QR (Quick Response) Codes on Notice to Potential Class Members Linked to Plaintiff Counsel's "WeChat" Profile and Sign-Up Website**

In conjunction with dissemination via mail, email, social media chat, and text message, Plaintiff requests authorization for the publication of **two** "QR codes" (Quick Response codes) on physical notices mailed to potential class members, allowing for Plaintiff to (1) directly initiate communication with Plaintiff's counsel, and/or (2) download, sign, and submit the Notice of Pendency form electronically if they so choose. Just as direct communication from Plaintiff's counsel to Plaintiff's via social media channels are "reasonable and minimally-invasive," direct communication initiated by the Plaintiffs to inquire about the FLSA collective class action are also reasonable and minimally-invasive serving as an additional avenue for potential class members to communicate with Plaintiff's counsel. *See Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15; *see also In re Opt. Disk Dr. Products Antitrust Litig.*, 3:10-MD-2143 RS, 2016 WL 7364803, at *3 [ND Cal Dec. 19, 2016], vacated and remanded (on other grounds), 959 F3d 922 [9th Cir 2020], and affd, 804 Fed Appx 445 [9th Cir 2020]  (in the Rule 23 class context, allowing for nontraditional communications to potential class members including creative banner advertisements utilizing behavioral audience targeting, contextual targeting and mobile inventory to reach likely class members, and also allowing for text-link advertisements on Facebook.com, Twitter.com and Google.com); *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 486, 489 (S.D. Tex. 2020) (allowing for text-message notice to better achieve the overarching goal of providing potential class members the best opportunity to join the case).

**4. Authorization for Portrayal of Defendant's Logo on Notice**

Plaintiff proposes the usage of Defendant's logo on mailings sent to potential class members in an effort to ensure that the potential class members know what the mailing is related to and thus read the notice rather than discarding it, thus achieving the expedited notice of the

15

certified FLSA collective. Courts have consistently applied four factors in determining fair use of a logo: (1) the purpose and character of the use; (2) the nature of the work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of copyrighted work. 17 U.S.C.A. § 107; *See Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D. N.Y. 2020). All four factors weigh in favor of allowing the usage of the logo, as it is being used here to notify potential class members rather than for pecuniary gain for Plaintiff's firm; the nature of the work is an identifying symbol which potential class members would instantly recognize; the logo is only a small part of the brand of Defendants; and the usage of the logo to notify potential class members would not in and of itself lesson the value of the logo. Courts have allowed for fair use even when all four factors are not met. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010) (allowing for fair use when one of the four factors weighed slightly against the party advocating for usage and another factor was neutral). Here, where the disproportionate representation of immigrant workers with comparatively lower education attainment, the use of the logo is critical to alert the workers to their rights. *See* Ross, Martha, et al. "Describing Low Wage Workers." *Meet the Low-Wage Workforce*. Brookings Institute, at *10 (Nov. 2019) (reporting that among low-wage workers, 48.6% have less than a high school education, and 14.6% has less than high school attainment).

### 5. Authorization of Publication of Full-Opt In Notice on Website

In conjunction with dissemination via mail, email, social media chat, and text message, Plaintiff requests authorization for the publication of the full opt-in notice on Plaintiffs' counsel's website, which allows for electronic submission of the Consent to Join Form, and for potential opt-ins to contact Plaintiffs' counsel for additional information. *See* e.g. *Ke*, No 19-cv-7332(PAE)(BCM) at *29 (permitting notice to be posted on social media and on Plaintiffs'

counsel's website, in addition to other means of dissemination); *Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 ("Posting on plaintiff's counsel's website and at the defendant restaurants is also appropriate."); *Qiang Lu*, 447 F. Supp. 3d. at 97 ("Notice to putative collective action members in action against owners and operators of restaurant for claims under Fair Labor Standards Act (FLSA) was to be disseminated in via mail, email, text, or social media platform, and posted on plaintiffs' counsel's website."). *Varghese v. JP Morgan Chase & Co*., 2016 U.S. Dist. LEXIS 122428. at 26 (S.D.N.Y. Sep. 8, 2016) (granting Plaintiff's request for dissemination of notice via website) (Citing *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) (authorizing notice via two standalone websites that will give potential plaintiffs the ability to download and submit the consent form electronically")).

### 6. Authorization of Conspicuous Posting at Store

Additionally, Plaintiff requests that that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' gas station likely to be seen by all currently employed members of the collective, and the notice be posted throughout the opt-in period and included in the employees' pay envelopes or other method of delivery of their paycheck information. This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended.  *See Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (allowing notice to be "posted in English, Chinese, Spanish, and Malaysian" at the workplace); *Zhang*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019)*; Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *Gen Zhang*, 654958/20219, at *6 (ordering Defendants to "post the approved Proposed Notice in all relevant languages, in a conspicuous and unobstructed location likely to be seen by all currently employed

17

members of the collective, and the notice shall remain posted throughout the opt-in period" at both Defendants' locations); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

**7. The Exclusion of Defendants' Attorney Information on the Proposed Notice of Pendency is Proper Given the Potential for Confusion and Ethical Conflicts**

The exclusion of Defendants' attorney information is proper in the proposed Notice of Pendency. *See Gao v. Umi Sushi Inc. et al*., No. 18cv06439 (ALC)(SN) (S.D.N.Y. Mar. 21, 2019) at *2 ("Because the Court cannot conceive of information that the potential opt-in plaintiff may seek that cannot be provided by contacting plaintiff's counsel or the former employer directly, and because communication between a potential opt-in and defense counsel may result in the inadvertent disclosure of material information or worse, an ethical violation, the Court denies Defendants' request to include their counsel's contact information on the Notice." *See also* <u>Chen</u> No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (finding Plaintiff's request to "exclude defendants' attorney's information" "reasonable"); *Shanggang Feng v. Kelai Jef Corp,, No*. 18 Civ. 12329 (GBD), 2019 BL 465018 (S.D.N.Y. Nov. 26, 2019) ("Plaintiffs shall not be required to include Defense Counsel's contact information in the Notice of Pendency and Consent to Joinder.")

**8. The Opt-In Anchor Date Should Be From the Complaint Filing Date**

"In this circuit, courts routinely calculate the notice period from the date on which the lawsuit was filed, not the date of conditional certification, 'with the understanding that challenges to the timeliness of individual plaintiff's actions will be entertained at a later date." *Ke*, No 19-cv-7332(PAE)(BCM) at *27; *Yuan v. & Hair Lounge et al.*, 18cv11905 (AT)(BCM)

(S.D.N.Y. Nov. 7, 2019) at * 17; *see Bittencourt v. Ferrara Bakery & Café, Inc.,* 310 F.R.D. 106, 115-16 (S.D.N.Y. 2015) (quoting Hamadou, 915 F. Supp. 2d at 668, and collecting cases).

9. **The Opt-In Period should extend to 90 days to allow the greatest number of Potential Plaintiffs who may wish to Opt In to the Collective Action**

The opt-in period should be for 90 days, which will allow the greatest number of Plaintiffs to opt into the action. "60 or 90 day opt in period are common in FLSA collective actions." *Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730, at *16 (S.D.N.Y. Nov. 12, 2015). *See e.g. In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688, at *2-3 (S.D.N.Y. Jan. 11 2010) (affording plaintiffs 90 days to opt in); *Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261037, at *1 (E.D.N.Y. Dec. 1, 2010) (same); *Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014 WL 2111693, at *5 (S.D.N.Y. May 12, 2014)(same); *Gen* Zhang, 654958/20219, at *6 (setting opt-in period as "90 days from the day of dissemination of notice and its translation").

There is no detriment to plaintiff from extending this period, and doing so will make it more likely that all employees who intend to bring such claims will do so in this action. *See Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020, at *9 (S.D.N.Y. Feb. 7, 2013). ("'[W]hen exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions,' including achieving judicial efficiency 'by settling the claims of similarly situated employees at the same time.'" (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

**10. Appropriate Notice Period should be for 3 Years**

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988). Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiff's allegations of willful violations of the FLSA overtime provisions, a three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. Courts routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Chen*, No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *15 (approving of a "3-year statute of limitations in light of the complaint's allegations of willfulness"); *Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.").

**11. The Language of the Notice or Posts be in Relevant Languages for Employees not Well Versed in the English Language**

Plaintiff respectfully requests that all notices or posts to employees' attention be in both English and Hindi and/or Punjabi language, as many of the opt-in Plaintiffs may not be well versed in the English language. This type of request has been granted in other cases, *see, e.g.*, *Wu*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *36; *Kiang*, No. 18cv5256 (SJF)(ARL), at *7-8 (finding appropriate request that notice be posted and disemminated in English, Chinese, Malaysian, and Spanish); *Zhang*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) at *45 (allowing dissemination in "all relevant languages"); *Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate). Moreover, Plaintiff respectfully requests that the Court grant a bilingual Notice of Pendency and Consent Form to Form to Join with both English, Hindi and/or Punjabi translation on the same layout. All the coworkers that worked with the Plaintiff for the Defendants are immigrants from Punjab, India. *See Singh Aff. ¶¶ 16, 21, 26, 31 & 36.* It is an undeniable and established fact that various dialects and cultures are shared among the Hindi and Punjabi communities.

**G. Court-Authorized Reminder Notice is Routinely Authorized by Court in this District**

Plaintiff requests that this Court order that Plaintiff may send a reminder mailing, text message, and email to all unresponsive collective action members half-way through the notice period. *See Hwangbo v. Kimganae, Inc.*, No. 19-CV-6356-DLI-SJB, 2021 U.S. Dist. LEXIS 103993, at *23-24 (E.D.N.Y. June 1, 2021) (allowing the Plaintiffs to "send a reminder notice via

mail, e-mail, and text message halfway through the opt-in period.") "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *See Perez Perez v. Escobar Construction, et al.*, No. 20-cv-08010(LTS)(GWG) at *3 (S.D.N.Y. May 20, 2020) (granting request to send "by mail and email halfway through the 60-day period); *Ke*, No 19-cv-7332(PAE)(BCM) at *30 (granting request to send reminders via mail and email halfway through the opt-in period); *Shangming Lu et al v. Diamond Nail Salon, LLC et* al, D.C.T. 19-cv-02017(VAB) (June 18, 2021) at *2 (granting Plaintiffs leave to "send reminder notifications during the notice period"); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sep. 19, 2013) (collecting cases allowing for reminder notices); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (approving reminder postcard); *Gen* Zhang, 654958/20219, at *6 (allowing "a Reminder Postcard" to be issued "via First Class U.S. mail and email to members of the Collective who, as of half-way through the completion of the notice period, have not submitted a completed Consent to Join Form"); *see also Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18 (approving reminder notices by mail and email). It is well documented that people often disregard collective action notices. *See,* Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Reminder mailings to potential opt-ins who have not responded to an initial mailing are common and cause Defendants no prejudice. *See Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18; *see also Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 274 (S.D.N.Y. 2012) (authorizing reminder notice to promote broad remedial purpose of FLSA). "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in," the Court should "find that a reminder notice is appropriate." *Chhab*, 2013 U.S. Dist.

LEXIS 135926, at *51.

### H.  Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiff

The doctrine of equitable tolling allows a court to extend a statute of limitations "on a case-by-case basis to prevent inequity." *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir. 2000). "If the limitations period is not so tolled, opt-in plaintiffs would not be able to make claims for any period prior to three years from the date they actually file a consent to join the action." *Knox v. John Varvatos Enters. Inc*., 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017) (citing 29 U.S.C. § 255(a)).

Courts in the Second Circuit "have permitted equitable tolling while the motion for conditional certification is before the court." *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117, at *14 (E.D.N.Y. 2015); *Castillo,* 17-cv-2972, 2018 WL 1581975, at *17; *Colon v. Major Perry Street Corp.*, No. 12-CV-3788, 2013 WL 3328223, at *8 (S.D.N.Y. 2013); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (Potential plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings."); *see Chui v. Am. Yuexianggui of LI LLC*, No. 18- cv-5091 (SJF) (AKT), 2020 U.S. Dist. LEXIS 117296, at *10-11 (E.D.N.Y. July 2, 2020) (equitably tolling the statute of limitations for 90 days until the expiration of the opt-in period); *Xing Ye v. 2953 Broadway Inc*., 2020 U.S. Dist. LEXIS 97866, at *11-12 (S.D.N.Y. June 3, 2020) ("In the interest of fairness, the Court will toll the limitations period from the date Plaintiff Ye filed the initial certification motion until the date the Court approves the form of the notice to potential class members and enters an order governing the notice period"); *McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012) (granting equitable tolling for opt-in plaintiffs because "those whose putative class representatives and their counsel are diligently and timely

pursuing the claims should [ ] not be penalized due to the courts' heavy dockets and understandable delays in rulings"); *Jackson v. Bloomberg, L.P*. 298 F.R.D.152 (S.D.N.Y. 2014) (granting equitable tolling tolled as of the date of the filing of [Plaintiff's] motion because "[p]laintiff's motion has been pending for over twice as long, raising a greater risk that a sizeable number of potential plaintiffs will have become time-barred."); *Gen* Zhang, 654958/20219, at *6 (equitably tolling the statute of limitations from the filing of the motion through the date of the order). Moreover, to grant equitable tolling, the court does not look into the diligence of a plaintiff who filed a claim, but instead the court looks into the diligence of a potential plaintiff who is seeking to file the claim. *McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012). Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## II.    PRECERTIFICATION DISCOVERY OF PUTATIVE COLLECTIVE AND CLASS INFORMATION IS PERMISSIBLE AND NECESSARY

"Parties may obtain discovery regarding any no privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case … Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). In the wage-and-hour context, "contact information of the broader potential class of defendants' employees may be discoverable where it is relevant to demonstrating satisfaction of Rule 23 requirements." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 491 (S.D.N.Y. 2016) (citing *Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2012 U.S. Dist. LEXIS 16443, 2012 WL 432885, at *2-3 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-

class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.")). This includes discovery as to Rule 23's requirements for class certification, such as numerosity, commonality, and typicality. *See* generally Fed. R. Civ. P. 23(a), 26(b)(1). Thereby, "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982). Further, even if "Plaintiff's motion for conditional certification of a collective were denied, Plaintiff would be entitled to discovery on her class claims." *See Thompson v. Global Contact Servs., LLC*, No. 20-cv-00651 (MKB) (SJB), 2021 U.S. Dist. LEXIS 57589, at *2 (E.D.N.Y. Feb. 16, 2021).

Here, as aforementioned, the putative class members consist essentially of all Defendants' former or current employees who are all consistently not being properly paid with statutory overtime wages of at least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty (40) hours in a single workweek as required by FLSA and NYLL.

As such, a pre-class collective and class discovery are legitimate devices as authorized by both the Federal Rules and by Courts in this district which will substantially and significantly facilitate Plaintiff's efforts to satisfy the requirement of Rule 23 Certification.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's requested relief in its entirety, and for such other and further relief deemed just and proper.

Dated:    Flushing, New York
          September 14, 2023                     Respectfully submitted,

                                                 TROY LAW, PLLC.
                                         By:    /s/  John Troy
                                                 John Troy

25