UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-5475 (RER) (JAM)
———————————

SINGH

VERSUS

ANMOL FOOD MART, INC. ET AL
———————————

**MEMORANDUM & ORDER**

January 26, 2024
———————————

**RAMÓN E. REYES, JR., U.S.D.J.:**

      Palwinder Singh ("Plaintiff") brings this action individually and on behalf of all others currently situated against Anmol Food Mart Inc., Diamond Food Mart Inc., and Vishal Kumar ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), N.Y. Lab. L. § 190, *et seq.* (ECF No. 1 ("Compl.")). Plaintiff moved to (1) conditionally certify a collective action and distribute notice to the putative collective pursuant to the FLSA, 29 U.S.C. § 216(b) and (2) proceed with discovery to determine whether this case may continue as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (ECF No. 32 ("Pl.'s Mot.")), which Defendants oppose (ECF No. 29 ("Defs.' Mem.")). After carefully reviewing the record, and for the reasons set forth herein, the Court grants Plaintiff's motion in part.

## **BACKGROUND**

I. <u>Factual Background</u>

Defendant Anmol Food Mart, Inc. ("Anmol") does business as Sunoco, and Defendant Diamond Food Mart, Inc. ("Diamond") does business as Conoco. (Compl. ¶¶ 8, 11). Both businesses operate gas stations and have a gross annual income above $500,000. (*Id.* ¶¶ 9, 12). Defendant Vishal Kumar ("Kumar") is the Owner and Liquor License Principal for both Anmol and Diamond, as well as the Chief Executive Officer and day-to-day manager at Diamond. (*Id.* ¶¶ 14–15). Kumar hired, scheduled, and paid Plaintiff. (*Id.* ¶¶ 16–18). Plaintiff worked as an attendant at the Sunoco and Conoco gas stations, located in Jamaica, New York and Hempstead, New York respectively, from on or about July 29, 2021, through on or about August 29, 2021. (*Id.* ¶ 7).

Plaintiff asserts that throughout his employment, he regularly worked from 8 AM to 8 PM for seven days a week, totaling 84 hours per week, during which time he did not have regularly scheduled meal or rest breaks. (*Id.* ¶¶ 28–29). For the first forty hours in a week, Plaintiff was paid fourteen dollars per hour, which he received by check. (*Id.* ¶¶ 31–32). For hours worked beyond the first forty, Plaintiff was paid twelve dollars per hour in cash. (*Id.*). However, Plaintiff was not compensated in any way for his last week of employment, August 23 to 29, 2021. (*Id.* ¶ 35). To Plaintiff's knowledge, Defendants did not keep any records of his time. (*Id.* ¶ 30). Further, Defendants did not post labor law notice posters, as required by Section 516.4 of Title 29 of the Code of Federal Regulations or Section 142-2.8 of the Wage Order. (*Id.* ¶ 26). Likewise, Defendants failed to provide Plaintiff with any sort of wage notice or statements, as required by the NYLL. (*Id.* ¶¶ 26, 39).

II.     Procedural History

On September 13, 2022, Plaintiff filed the Complaint, asserting unpaid minimum, overtime, and spread-of-hour wages under the FLSA and NYLL (Compl. ¶¶ 42–68), failure to furnish wage notices and statements pursuant to NYLL §§ 195.1, 195.3 (*id.* ¶¶ 69–77), and failure to timely pay wages pursuant to NYLL § 191.1 (*id.* ¶¶ 78–85). Defendants filed their Answer on February 10, 2023. (ECF No. 17). The case was then referred to mediation, but mediation was unsuccessful. (ECF Nos. 18, 21). On December 11, 2023, Plaintiff moved to certify as an FLSA Collective Action and to proceed with discovery to determine whether this case may move forward as a class action under Rule 23 of the Federal Rules of Civil Procedure (Pl.'s Mot.), which Defendants opposed (Defs.' Mem.).

## DISCUSSION

I.     Conditional Certification under the FLSA

   A.     Legal Standard

Under the FLSA, employees may assert claims on behalf of themselves as well as others who are "similarly situated." 29 U.S.C. § 216(b). Courts have discretion "to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to those individuals, so that they may opt into the collective action." *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780 (MKB) (RLM), 2019 WL 2088609, at *6 (E.D.N.Y. May 13, 2019) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010)). In the Second Circuit, evaluating whether to certify an FLSA collective action is a two-step process. *Myers*, 624 F.3d at 544–55. Here, Plaintiff's motion involves only the first step, called "conditional certification." *See Zang v.*

3

*Daxi Sichuan, Inc.*, No. 18-CV-6910 (AMD) (SMG), 2020 WL 13680575, at *1 (E.D.N.Y. Aug. 19, 2020) (citations omitted). At this stage, the court makes a preliminary determination as to whether similarly situated plaintiffs exist, and if so, provides an opportunity for those plaintiffs to join the action. *Id.* at *2 (citations omitted).

To demonstrate similarly situated employees, a plaintiff must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 634 F.3d at 555 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). When applying this "lenient evidentiary standard," a court evaluates pleadings and affidavits, but does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Liu v. Millenium Motor Sports, LLC*, No. 17-CV-6438 (ARR) (RER), 2018 WL 11417745, at *2 (E.D.N.Y. Dec. 13, 2018) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438 (S.D.N.Y. 2012)). A plaintiff's burden of proof at this stage is "low" because "the purpose of this first stage merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555.

B. <u>Plaintiff Has Met His Burden of Proof</u>

In support of his Motion for Conditional Certification, Plaintiff submitted an affidavit ("Plaintiff's Affidavit") naming and describing four co-workers who were previously or are currently employed by Defendants as gas station attendants and have been subjected to similar schedules and pay practices.[1] (ECF No. 33 ("Troy Decl."), Ex. 9 ("Pl.'s Aff.")) ¶¶ 16–35). Meanwhile, Defendants argue that Plaintiff has failed to meet his burden of proof

---

[1] Plaintiff also names a fifth person who appears to have worked at a third gas station that he states is also owned by Defendants. (Pl.'s Aff. ¶ 36–41). Only two workplaces are tied to the Complaint, and as such, information related to the third gas station is irrelevant at this time.

4

because his pleadings "merely asserted" that Defendants violated the FLSA and the employee details described in Plaintiff's Affidavit "are clearly an afterthought." (Defs.' Mem. at 5).

Contrary to Defendants' arguments, Plaintiff's statements are sufficient to demonstrate that there are potential opt-in plaintiffs who may have been victim to a common policy or plan. The Court may rely on the details in Plaintiff's Affidavit. *See, e.g.*, *Zimnicki v. Krysiak Construction Corp.*, No. 21-CV-4634 (RPK) (JRC), 2022 WL 17820139, at *6 (E.D.N.Y. Sept. 27, 2022) (collecting cases for the premise that "numerous courts have granted conditional certification based on the declaration and observations of only one individual"); *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445–46 (S.D.N.Y. 2013) ("the burden is so low that even one or two affidavits establishing the common plan may suffice"); *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 82–83 (E.D.N.Y. 2008) (finding a plaintiff's declaration that asserted that other employees were subjected to FLSA violations sufficient to conditionally certify an FLSA class). Furthermore, Plaintiff has sufficiently defined the collective as all current and former non-exempt, non-managerial employees for three years from the filing of the Complaint. (ECF No. 34 ("Pl.'s Mem.") at 7). Therefore, the Court finds that Plaintiff has met his burden to demonstrate that the Proposed Collective Members are similarly situated, and the Court conditionally certifies this matter as an FLSA collective action.

C.  Notice and Discovery

Under the FLSA, district courts may order that notice be given to potential members of a collective. *Edwards v. Greenview Props.*, No. 19-CV-4813 (LDH) (RER), 2020 WL 8642059, at *3 (E.D.N.Y. Nov. 28, 2020 (citing *Braunstein v. E. Photographic*

5

*Labs., Inc.*, 600 F.2d 335, 335–36 (2d Cir. 1978)). Here, Plaintiff submits a Proposed Notice of Pendency and Consent to Join form (the "Notice") and requests authorization to disseminate the Notice to Defendants' current and former non-exempt, non-managerial employees. (Pl.'s Mem. at 11–13; Troy Decl., Ex. 3 ("Proposed Order")). Further, Plaintiff requests that Defendants provide a list with the names of relevant employees and their contact information within fourteen days of the Court's order. (Pl.'s Mem. at 11). Defendants argue that telephone numbers and dates of employment for all current and former non-exempt, non-managerial employees does not help provide putative class members with notice of this action. (Defs.' Mem. at 6–7).

        1. *Statute of Limitations*

As a threshold matter, Plaintiff argues that Defendants willfully violated the FLSA. (Pl.'s Mem. at 20; Compl. ¶¶ 1, 20, 40). "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations." *Finnigan v. Metro. Transp. Auth.*, No. 19-CV-0516 (PKC) (RER), 2020 WL 1493597, at *4 (E.D.N.Y. Mar. 26, 2020) (citing *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 73–74 (E.D.N.Y. 2016)). Furthermore, it is appropriate that "[n]otices of collective action may be sent to prospective plaintiffs who worked for defendants from a date three years prior to the filing of the motion for collective action, rather that the date upon which notice is mailed." *Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012)). Here, the Court finds that Plaintiff has sufficiently alleged willfulness, so the three-year statute of limitations is appropriate. *See* 29 U.S.C. § 255(a). Moreover, Plaintiff filed the current motion on December 11, 2023. (*See* Pl.'s Mot.). Accordingly, notice shall be sent to all non-exempt, non-managerial employees who worked for Defendants at the

6

Sunoco or Conoco gas stations during the three years preceding the date of the filing of the motion for conditional certification.

Furthermore, Plaintiff seeks equitable tolling so that the statute of limitations be tolled until the expiration of the opt-in period. (Pl.'s Mem. at 24). "[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (quotations and alterations omitted). "Failure to provide an employee notice under the FLSA alone is insufficiently extraordinary in the absence of some sort of deception." *Guaman v. Krill Contr., Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *6 (E.D.N.Y. June 9, 2015) (quotation omitted), *adopted by* Order dated 6/09/2015.

Here, Plaintiff has not argued that Defendants took part in any sort of deception that would rise to the level of "extraordinary." (*See* Pl.'s Mem. at 24). Accordingly, the Court does not grant Plaintiff's request for equitable tolling at this time. However, the limitations period for each prospective plaintiff continues to run until they choose to opt-in to the action. Consequently, the Court leaves open the request for equitable tolling to future plaintiffs who may be eligible for equitable tolling in the future. *See* 29 U.S.C. § 256(b); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK) (VMS), 2015 WL 4603117, at *13 (E.D.N.Y. July 29, 2015) (denying the plaintiff's motion for equitable tolling during the opt-in period, but leaving the option open for future plaintiffs because the court refused to "speculate as the effect of Defendants' actions on opt-in Plaintiffs who have not, as of yet, appeared and whose knowledge of their rights at the time of any violations is unknown"), *adopted by* Order dated 7/29/2015.

### 2. *Discovery of Putative Plaintiffs' Contact Information*

Plaintiff seeks disclosure of contact information for putative members of the collective within fourteen days of this Order. (Pl.'s Mem at 11).[2] Defendants oppose the release of employees' contact information, specifically their telephone numbers. (Defs.' Mem. at 6–7). "[I]t is proper for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment for potential collective members." *Finnigan*, 2020 WL 1493597, at *4 (citation omitted). Accordingly, here, since Plaintiff has met the first step for collective certification, limited discovery is appropriate. Thus, the Court directs Defendants to provide Plaintiff with the requested contact information within fourteen days.

### 3. *Content of the Notice*

Plaintiff requests authorization of the Notice and of a reminder notice half-way through the opt-in period. (Pl.'s Mem. at 11–22). Defendants do not oppose the content of the Notice. "[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145 (NRB), (2010 WL 4340255, at *4–5 (S.D.N.Y. Oct. 27, 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing *Hoffman-La Roche v. Sperling*, 493 U.S. at 170 (1989)). Here, the content of the Notice itself and the postcard to remind putative plaintiffs halfway through the opt-in period is standard, and thus approved. Any modifications are with respect to dissemination, which is detailed below.

---

[2] If over twenty percent of the Notices are returned as undeliverable with no forwarding address, Plaintiff requests to reserve the right compel Defendants to furnish accurate contact information. (Proposed Order ¶ 18). The Court need not address this request at this time. In the future, if necessary, Plaintiff may make a motion to compel addressed to Magistrate Judge Joseph A. Marutollo.

### 4. *Dissemination of the Notice*

In connection with disseminating the Notice, Plaintiff proposes that 1) the Notice be sent within thirty days of receiving the relevant discovery or within thirty-six days of this Order, whichever is sooner; 2) the Notice be distributed in English and Hindi via mail, email, and social media; 3) the Notice be posted at the two gas stations in a location visible to all employees; 4) Plaintiff's counsel be authorized to publicize the Notice their website to allow for electronic review of the Notice and consent; 5) Defendants' counsel's contact information be excluded from the Notice; 6) Quick Response ("QR") codes may be used to facilitate communication; 7) Defendants' logo be used on the Notice; and 8) putative plaintiffs have ninety days to opt in to the action. (Proposed Order ¶¶ 1–17). Again, Defendants do not oppose any of these requests.

First, the Court approves Plaintiff's proposed timeline for sending out the Notice, as well as dissemination of the Notice in English and Hindi via mail, email, text message, and social media, in addition to posting the Notice at the Sunoco and Conoco gas stations and on Plaintiff's counsel's website. *Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 135 (S.D.N.Y. 2022) (collecting cases for the premise that disseminating a notice by mail, email text message, and social media chats that are addressed specifically to members of the proposed collective is appropriate); *Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (allowing dissemination of the notice "in any relevant language" via mail, email, text, and social media, in addition to the plaintiff's attorneys' website); *Rosario v. Valentine Ave. Disc. Store, Co.* 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail")

(quotations omitted). Regarding social media, however, Plaintiff may *only* use social media networking to directly contact putative plaintiffs, and not to post generally on public forums. *See Hong*, 582 F. Suppl 3d at 135 (while direct communication with putative plaintiffs via social media was permitted, the court refused to authorize general postings on public social media groups). Furthermore, Defendants do not oppose that their counsel's information be excluded from the Notice, and the Court takes no issue with this request.

However, the Court refuses to authorize the use of QR codes or Defendants' logo on the Notice. Plaintiff states that the QR codes would be used to 1) "directly initiate communication with Plaintiff's counsel" and/or 2) "download, sign, and submit" the Notice electronically if a potential collective member so chooses after receipt of a physical mailing. (Proposed Order ¶ 12). In this Circuit, Courts are hesitant to allow QR codes that recipients scan and "find themselves virtually in counsel's office." *See Panora v. Deenora Corp.*, 521 F. Supp. 3d 177, 180 (E.D.N.Y. 2021). Likewise, when courts authorize broad dissemination of a notice, as the Court is authorizing here, they are hesitant to allow the addition of a QR code overall. *See Hong*, 582 F. Supp. 3d at 135 (collecting cases) ("The Court . . . shares many of the concerns expressed by other courts in the Second Circuit in response to such requests"). Similarly, courts routinely deny the use of a defendant's logo on an FLSA notice because unauthorized use of the logo is a copyright violation and the logo's presence sends a message to recipients "that this is an important mailing from their current or former employer and even suggests that [the defendant] wants and expects them to join the action." *Panora*, 521 F. Supp. 3d at 180; *see also Hong*, 582 F.

Supp. 3d at 135. Accordingly, the Court denies the use of QR codes and Defendants' logo on the Notice.

With respect to the proposed 90-day opt-in period, when the "proposed class is relatively localized and not extremely large," sixty days is sufficient for the return of consent forms. *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008); *see Vecchio v. Quest Diagnostics Inc.*, 2018 WL 2021615, at *8 (S.D.N.Y. Apr. 30, 2018) (granting a 90-day opt-in period when the proposed collective was nationwide). Therefore, the Court reduces the opt-in period to sixty days.

In sum, the Court largely grants Plaintiff's requests in connection with the Notice, except that social media may only be used for direct contact, QR codes and Defendants' logo may not be used, and the opt-in period is reduced to sixty days.

II. <u>Limited Discovery for Purposes of Rule 23 of the Federal Rules of Civil Procedure</u>

In addition to the motion for conditional collective action certification, Plaintiff seeks discovery of class information of all potential class members to determine whether this case may proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Pl.'s Mem. at 24–25). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "A matter is relevant if it encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Pre-class certification discovery "is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate." *Rahman v. Smith &*

*Willensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007). "The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy," while at the same time, "the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Marin v. Apple-Metro, Inc.*, 2023 WL 2060133, at *3 (E.D.N.Y. Feb. 8, 2023) (quotations and alterations omitted).

Here, Plaintiff seeks contact information of all past and current employees who may be eligible to join a class action. (Pl.'s Mem. at 25). This information is necessary to determine whether Rule 23's requirements are met. *See Marin*, 2023 WL 2060133, at *4–5. Therefore, Plaintiff's request is granted, and any future issues regarding pre-class and class discovery are to be directed to Magistrate Judge Joseph A. Marutollo.

## **CONCLUSION**

For the reasons set forth above, the Court partially grants Plaintiff's motion to conditionally certify as a collection action, distribute notice to the putative collective, and to proceed with discovery to determine whether the case may continue as a class action under Rule 23. Plaintiff's request to equitably toll the statute of limitations is denied. Defendants have fourteen days from this Order to provide Plaintiff with the requested discovery. Likewise, either thirty days after receipt of discovery or thirty-six days from this Order, whichever is sooner, Plaintiff is to disseminate the Notice. While the Court authorizes the content and dissemination of the Notice and reminder postcard, Plaintiff may not use social media to post on public pages, QR codes, or Defendants' logo. Finally,

the opt-in period for putative plaintiffs is sixty days from the date that the Notice is disseminated.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated: January 26, 2024
Brooklyn, NY