# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

October 25, 2024

*Via ECF*

Honorable Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*SINGH et al. v ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco et al., 22-cv-05475*

Dear Judge Marutollo:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

### I.   Background

Plaintiff PALWINDER SINGH was employed by Defendants ANMOL FOOD MART INC d/b/a Anmol Food Mart Inc d/b/a Sunoco; and DIAMOND FOOD MART INC d/b/a Diamond Food Mart Inc d/b/a Conoco and VISHAL KUMAR, (collectively, "Defendants"),

This lawsuit was originally filed on September 13, 2022, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for

Hon. Joseph A. Marutollo
Page 2

each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages and fees and costs lodestars, the amount of Forty Thousand Dollars ($40,000.00) (inclusive of Plaintiff's legal fees and costs) is fair, and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one-and one-half times the rate of regular hourly rate in excess of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff PALWINDER SINGH alleges pursuant to FLSA, 29 U.S.C. § 201 *et seq.* that he is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages; and/or (4) attorneys' fees and costs. Plaintiff PALWINDER SINGH further alleges pursuant to NYLL § 650 *et seq.* and 12 NYCRR § 142 that he is entitled to recover (1) Unpaid wages and unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide wage statements with each payment of wages, (6) statutory damages for failure to provide time of hire notice, (7) prejudgment and post judgement interest, (8) reasonable attorneys' fees and costs.

Plaintiff PALWINDER SINGH claimed that he was employed by Defendants as a Gas station attendant from July 29, 2021 to August 29, 2021. During said time, Plaintiff PALWINDER SINGH claimed that he worked approximately eighty-four (**84.00**) hours on average each week from July 29, 2021 to August 22, 2021. During this time, Plaintiff was paid fourteen dollars ($14)

Hon. Joseph A. Marutollo
Page 3

for all hours worked up to forty (40) and $12 per hour for all hours worked above forty (40) hours without any overtime rate for overtime hours worked.

The documents produced to Plaintiff as part of Defendants' Mediation Production does not comply with the law. First, the NYLL § 195.1 Initial Hire Statement requires that the employer provides a true and accurate notice of the employees' pay. Second, the "Time Sheets," which record "40 hours" as the total weekly hours worked, grossly understates the number of hours actually worked by Plaintiff. At all relevant times, the gas station is open 24-7, and two twelve (12) hours exist.

Plaintiff PALWINDER SINGH is entitled to the sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, which is **Fifteen Thousand Three Hundred Fifty Five Dollars and Four Cents ($15,355.04)**. Plaintiff PALWINDER SINGH's (1) Unpaid wages and unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide wage statements with each payment of wages, (6) statutory damages for failure to provide time of hire notice, (7) prejudgment and post judgement interest, (8) reasonable attorneys' fees and costs. shortfall under the NYLL was Seven Thousand Seven Hundred Twenty Eight Dollars ($7,728). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and One Thousand Six Hundred Dollars ($1,600.00) for NYLL Initial Time-of-Hire Notice Violations, and Four Hundred Sixty Seven Dollars and Eighty Cents ($467.80) in New York pre-judgment interest.

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Forty Thousand Dollars ($40,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL").  As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment.  As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

Hon. Joseph A. Marutollo
Page 4

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Forty Thousand Dollars ($40,000.00), of which Twenty-Five Thousand Dollars ($25,000) is allocated to Plaintiff's attorneys, Troy Law, PLLC, for their fees and costs, and Fifteen Thousand Dollars ($15,000) is allocated to Plaintiff for his damages. The proposed allocation allows for recovery is close to the best-case scenario as calculated for Plaintiff's damages (representing close to 98.67% of the total recoverable compensatory and liquidated damages, and inclusive of prejudgment interest and statutory damages).

Plaintiff's attorney fees and costs invoice is attached hereto as Exhibit 03. As of this writing, Plaintiffs' attorney fees' lodestar is Fifty-Nine Thousand Seven Hundred Five Dollars and Eight Three Cents ($59,785.83), and its costs lodestar is Eight Hundred Ninety-One Dollars and Eight Cents ($891.08) (in total Sixty Thousand Six Hundred Seventy Six Dollars and Ninety One Cents ($60,676.91)). Twenty-Five Thousand Dollars ($25,000) represents a reasonable compromise of the lodestar amounts based on hours expended and reasonable hourly rate: 41.20% of the combined fees and costs lodestars, or alternatively 100% of the costs lodestar and 40.33% of the fees lodestar.

During the conference, the Court expressed some skepticism that it could find a settlement which provided for an award of fees on a lodestar basis, as opposed to a percentage-of-recovery basis, to be fair and reasonable. *See*, *e.g.*, *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("[I]f attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."). The law in the Second Circuit, however, is precisely to award fees on a lodestar and not a percentage-of-recovery basis.

"Attorneys' fees and costs in FLSA actions generally arise in three contexts: (1) fee applications following a ruling in favor of plaintiff; (2) fee applications following a settlement where the settlement agreement reserves the questions of fees and costs for the court to decide; and (3) settlements incorporating attorneys' fees and costs into the settlement amount." *Fisher*, 948 F.3d at 600–01 (internal citations omitted). As in *Fisher*, the third context is relevant here. *See id.* at 601.

"Neither the text nor the purpose of the FLSA [] supports imposing a proportionality limit on recoverable attorneys' fees. With respect to the statutory text, FLSA simply provides for a 'reasonable attorney's fee to be paid by the defendant.'" *Fisher*, 948 F.3d at 603 (quoting 29 U.S.C. § 216(b)). "Nothing in this clause or the surrounding text supports the conclusion that a 'reasonable attorney's fee' must be a 'proportional' fee." *Id.* (quoting *United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (explaining that "[n]othing in the text of [ERISA's similar fee-shifting provision] suggests that to be 'reasonable,' fees must be proportional")). Contrast the provisions of 42 U.S.C. § 1991e(d)(1)(B)(i), which expressly provides that a prisoner will not be awarded fees in an action brought pursuant to 42 U.S.C. § 1988 unless "the amount of the fee is proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1991e(d)(1)(B)(i), *accord Fisher*, 948 F.3d at 603.

"A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which [the Second Circuit has] deemed a 'uniquely protective statute.'" *Fisher*, 948 F.3d at 603 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015). "In 1938,

Hon. Joseph A. Marutollo
Page 5

Congress enacted the FLSA to guarantee workers '[a] fair day's pay for a fair day's work' and to guard against 'the evil of "overwork" as was as "underpay[ment]."'" *Id.* (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942) (itself quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt))). "By implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able legal counsel.'" *Id.* (quoting *Sand v. Greenberg*, No. 08-cv-07840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)). "In advancing Congress's goals under the FLSA to ensure a 'fair day's pay for a fair day's work,' the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation." *Id.* (quoting *Missel*, 316 U.S. at 578).

Additionally, Plaintiff and his counsel negotiated separately as part of the global resolution, the allocation as between Plaintiff and counsel is mutually agreed upon by Plaintiff and his counsel in writing in the Settlement Agreement, and the Retainer Agreement specifically allows for the Plaintiff's attorney to receive any attorneys' fees awarded by the Court: "[t]he amount Attorney will receive for attorney's fees for the legal services to be provided under this agreement will be One Third (1/3) of the Net Recovery. Notwithstanding, the court may additionally award Attorney for attorneys' fees and costs. It is specifically understood that all attorney fees awarded by the court or accrued by Attorneys are and shall remain the property of the Attorney." Plaintiff's counsel's zealous advocacy was the reason why Plaintiff is able to recover very close to his best-case scenario of damages.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |
| | |
| /s/ John Troy | _____ |
| John Troy, Esq. | Vivek S. Suri, Esq. |
| Aaron Schweitzer, Esq. | 267 Fifth Avenue, Suite 1000 |
| Tiffany Troy, Esq. | New York, NY 10016 |
| 41-25 Kissena Blvd., Suite 110 | Tel: 2125376936 |
| Flushing, NY 11355 | |
| Tel.: 718 762 1324 | |