**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

PALWINDER SINGH,

*on his own behalf and on behalf of others similarly*
*situated*                                                        Case No. 22-cv-05475

                              Plaintiff,

                              v.

ANMOL FOOD MART INC
    d/b/a Anmol Food Mart Inc
    d/b/a Sunoco;
DIAMOND FOOD MART INC
    d/b/a Diamond Food Mart Inc
    d/b/a Conoco; and
VISHAL KUMAR

                              Defendants.

------------------------------------------------------------------- x

---

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

---

TROY LAW, PLLC
*Attorneys for the Plaintiffs*
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel:    (718) 762-1324

## **CONTENTS**

AUTHORITIES ..................................................................................................................... ii

ARGUMENT ........................................................................................................................ 1

    I.    The Lodestar Cross Check Shows that the Parties' Agreed-Upon Attorneys' Fees is Fair and Reasonable ................................................................................................ 1

        A.    The Hours Spent on this Matter as part of the Lodestar Cross Check are Reasonable  3

        B.    The Hourly Rates Sought as part of the Lodestar Cross Check are Reasonable .......... 4

    II.    The Attorneys' Fees includes Costs ................................................................. 8

CONCLUSION .................................................................................................................. 10

i

## AUTHORITIES

**Cases**

2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019) ................................................................................................................ 6, 7

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ................................... 2, 9

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008)............................................................................................ 2, 3, 4

*Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020)  6, 7

*Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling) ............................................................................................................... 6, 7, 8

*Blum v. Stenson*, 465 U.S. 886 (1984) ...................................................................................... 3, 4

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ........................................................................ 2

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ........................................................................................................ 9

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No.10-cv-2262, 2019 WL 2870721, at *1 (E.D.N.Y. June 18, 2019), adopted by, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) ................................................................................................................................. 5

*Claud v. Brown Harris Stevens of the Hamptons, Inc.*, No. 2:18-cv-1930, 2024 WL 245261 (Jan. 23, 2024) ................................................................................................................................ 5

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2 (S.D.N.Y. Mar. 27, 2002) ....................................................................................................... 2

*Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024) ............................................................................................. 5, 6, 7, 8

*Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020) 6, 7, 8

*HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898 (E.D.N.Y. Aug. 22, 2023), adopted by, 2023 WL 6035673 (E.D.N.Y. Sept. 15. 2023) ......................................... 5

*In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226 (2d Cir. 1987).................................... 4

*Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) ............. 6, 7, 8

*Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) . 6, 7

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 9

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998) ........................................................ 8

*Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021) .............................................................................................................................. 6, 7, 8

*Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 U.S. Dist. LEXIS 85873, 2015 WL 4006896, at *1 (S.D.N.Y. July 1, 2015) .................................................................................... 1

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ............................................................................................................................ 9

*Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ................................................................ 1

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................ 9

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................ 3

*National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049, at *1 (E.D.N.Y. May 6, 2019) ........................................................................................................ 5

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ...................................................................................... 3

*Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23 (2d Cir. 1983) ............................................ 4

*Quintanilla v. Good Eats Meal Plan Corp.*, No. 18-CV-4350, 2019 WL 1936731, at *1 (E.D.N.Y. May 1, 2019) ........................................................................................................ 5

*Reiter v. Maxi-Aids, Inc.*, No. 14 CV 3712, 2019 WL 1641306, at *1 (E.D.N.Y. Apr.16, 2019).. 5

*Schwartz v. United Staes Drug Enforcement Admin.*, No. 13-cv-5004, 2019 WL 1299192, at *1 (E.D.N.Y. Mar. 1, 2019), adopted by, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019) ............... 6

*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ............................................ 4

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229 .................................................................................................................................... 2

*Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018) ... 6, 8

*Trustees v. Cali Enter., Inc.*, No. 18-CV-3556, 2019 WL 2076784, at *1 (E.D.N.Y. May 10, 2019) ........................................................................................................................................ 5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ........................................ 1

*Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling) ........ 7, 8

*Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021) ............................................................................ 6, 7

*Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021) .. 6, 7

*Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order) ............................................................................ 6, 7, 8

**Statutes**

29 U.S.C. § 216(b) ............................................................................ 1

N.Y. C.L.S. Labor § 198(1-a) ............................................................................ 1

N.Y. C.L.S. Labor § 633(1) ............................................................................ 1

## ARGUMENT

### I.  The Lodestar Cross Check Shows that the Parties' Agreed-Upon Attorneys' Fees is Fair and Reasonable

Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…." and "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b) Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees").

Under both the FLSA and NYLL, a successful plaintiff—including one who settles—is entitled to attorney fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 U.S. Dist. LEXIS 85873, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), NYLL §§ 198, 663(1)). Courts may elect to award fees by considering either the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended— or the percentage method—a percentage of the total amount recovered by the plaintiffs. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

1

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at *6. The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

Here, Plaintiffs' counsel took this case on a contingency basis, without any assurance that Plaintiffs' counsel would be paid any fees or reimbursed any costs for its efforts or expenditures in the event that Plaintiffs did not prevail on the merits. Counsel's agreement with their clients provided that counsel would be compensated with 1/3 of any net recovery plus reimbursement of costs, plus "all attorney fees awarded by the court or accrued by the Attorneys are and shall remain

2

the property of attorney." *See* Exhibit 3 Docket Entry No. 74 at *2. Given that the settlement

agreement is reached between the parties after an arms-length negotiation as to the client damages,

which "represented 97.68% of the best case scenario for the Plaintiff. ($15,000 / $15,355.04)" *See*

Troy Dec. ¶ 8. The parties' agreed upon attorneys' fees has a multiplier of 0.40 to the lodestar,

which is the presumptively reasonable fee. *See* Troy Dec. ¶ 13. Thus, the fees requested should be

approved as fair and reasonable.

> **A. The Hours Spent on this Matter as part of the Lodestar Cross Check are Reasonable**

The time devoted to this action by Plaintiff's counsel is set forth in detail in the

contemporaneous time entries attached to the parties joint fairness letter motion which specify, for

each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n*

*for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other*

*grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984). A reasonable fee is "one that is sufficient to induce

a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559

U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant

community." *Id.* at 551 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of

hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly

rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The

prevailing market rates for attorneys in the Southern District is found in several recent decisions

that review other court filings. See *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist.

LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's

hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro*

*Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of

$450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of

settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150

for paralegal work have been found to be reasonable." Rosales, 2018 WL 286105, at *2.

**B. The Hourly Rates Sought as part of the Lodestar Cross Check are Reasonable**

"In considering the reasonableness of the hourly rates, the Court considers the prevailing

hourly rates in the forum district as presumptively reasonable, but need not adhere to them." *Bank*

*of Am., N.A. v. Malkin*, 2018 U.S. Dist. LEXIS 14529, 2018 WL 624636, at *3-4 (D. Conn. Jan.

30, 2018) (citations omitted); *see also Arbor Hill*, 522 F.3d at 191. "[W]hen faced with a request

for an award of higher out-of-district rates, a district court must first apply a presumption in favor

of application of the forum rule." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175 (2d Cir.

2009)).

The "forum rule" is a methodology first developed by the Supreme Court in *Blum v.*

*Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). According to the forum rule,

courts "should generally use 'the hourly rates employed in the district in which the reviewing

court sits' in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119 (quoting

*In re "Agent Orange" Prod. Liability Litig*., 818 F.2d 226, 232 (2d Cir. 1987)); *see also Blum*,

465 U.S. at 895; *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). The

court may apply an out-of-district rate (or some other rate, based on the aforementioned "case-

specific variables") if, "in calculating the presumptively reasonable fee[,] . . . it is clear that a

reasonable, paying client would have paid those higher rates." 493 F.3d at 119. *Simmons v.*

*N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Applying the forum rule, we turn first to the prevailing hourly rates in the District of

Eastern District of New York for other FLSA cases.

Previously, this firm has been granted "billing rates of $550 to $600 per hour for a partner,

and $200 to $400 per hour for associates and the firm's Managing Clerk." *See Guoping Gu v.*

4

*Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024). This is in line with the prevailing hourly rates awarded by the Court in employment law cases. *See also Claud v. Brown Harris Stevens of the Hamptons, Inc*., No. 2:18-cv-1930, 2024 WL 245261, at *3 (Jan. 23, 2024) (awarding Plaintiff's attorney an hourly rate of $550 because*, inter alia*, "a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District"); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), adopted by, 2023 WL 6035673 (E.D.N.Y. Sept. 15. 2023) (awarding Plaintiff's lawyer with thirty years of experience an hourly rate of $630 per hour); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No.10-cv-2262, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), adopted by, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer in a civil rights case with a more than fifty-year career litigating similar cases an hourly rate of $600 per hour); *Trustees v. Cali Enter., Inc*., No. 18-CV-3556, 2019 WL 2076784, at *6 (E.D.N.Y. May 10, 2019) (noting propriety of award of between $200 and $325 per hour for junior associates litigating ERISA collection matter); *National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (awarding $500-$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case*); Quintanilla v. Good Eats Meal Plan Corp*., No. 18-CV-4350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019) (noting that courts generally award hourly rates ranging from $300-$400 for experienced attorneys litigating wage disputes); *Reiter v. Maxi-Aids, Inc*., No. 14 CV 3712, 2019 WL 1641306, at *4 (E.D.N.Y. Apr.16, 2019) (noting propriety of awarding up to $450 per hour for partners and up to $325 per hour for associates in fee shifting cases); *Schwartz v. United Staes Drug Enforcement Admin*., No. 13-cv-5004, 2019 WL 1299192, at *9 (E.D.N.Y. Mar. 1, 2019), adopted by, 2019 WL 1299660 (E.D.N.Y.

5

Mar. 21, 2019) (awarding $500 per hour to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation).

Accordingly, as described in detail in the Declaration of John Troy, Plaintiffs' attorneys for the purposes of the lodestar cross check requested rates that are largely on par or only slightly above the rates routinely given in District Courts throughout this nation and previously given to Troy Law attorneys.

Mr. Troy has previously been awarded $650 per hour in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling);  $600 per hour in *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); an hourly rate ranging from $550.00 per hour (for hours billed before January 4, 2020) to $650.00 per hour (for hours billed after January 5, 2020) in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); $400 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) (granting an hourly rate of $550 for all partner-level work); *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021) (granting an hourly rate of $550 for all partner-level work); *Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF, (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* (D.N.J. Nov. 26, 2019); $500 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021); $400 in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $400 in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); $400 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

6

Mr. Schweitzer was previously awarded $400 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $350.00 per hour (for hours before January 4, 2020) and $400.00 per hour (for hours after January 5, 2020) in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); $350.00 per hour in: *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $325 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021), $225 per hour in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $225 per hour in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020).

Ms. Kilaru was previously awarded $200 per hour in *Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling);  *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral

7

Order); $150 per hour ins *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc* and in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

Ms. Huang was previously awarded a rate of $150 in *Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

Ms. Troy was previously awarded a rate of $250 per hour in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); and *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); $150 (while paralegal or doing paralegal work) in: *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

## II. The Attorneys' Fees includes Costs

Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010

8

U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80"). Reimbursement for the court filing fees as well as expenses incurred for case filing, postage, process servers, and travel relevant to the case. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of John Troy and invoices were included.

Notwithstanding the foregoing, Plaintiff's counsel has agreed to absorb the costs associated with the foregoing as part of the settlement of the fees and costs for $25,000. As such, Plaintiff gets $15,000 without any reduction of fees and costs.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court issue a report

and recommendation granting the Joint Fairness Letter Motion in its entirety.

Dated: Flushing, New York
November 23, 2024

TROY LAW, PLLC
*Attorneys for the Plaintiffs*

/s/ John Troy
John Troy